[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13485
Non-Argument Calendar
_____

BIA Nos. A79-489-664 & A93-411-188

ERICK BERTRAND,
MIMOSE JEAN-JACQUES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 24, 2008)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Erick Bertrand, a native and citizen of Haiti proceeding pro se, seeks review

of the final order of the Board of Immigration Appeals affirming the Immigration Judge's order of removal. Bertrand's application is on behalf of himself and his wife, Mimose Jean Jacques. Bertrand contends that the BIA erred by finding that he did not satisfy his claim for political asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. The government responds that: (1) this Court does not have jurisdiction over Bertrand's appeal because he failed to exhaust his administrative remedies, and therefore his petition should be dismissed; and (2) the IJ's finding that Bertrand's testimony lacked credibility was supported by substantial evidence.

We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies. See 8 U.S.C. § 1252(d)(1); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining that the exhaustion requirement is jurisdictional, such that we "lack jurisdiction to consider claims that have not been raised before the BIA"). The government's contention that Bertrand failed to exhaust his administrative remedies is based on the proposition that because he failed to argue against the IJ's adverse credibility finding to the BIA, he failed to exhaust his administrative remedies. If the government's proposition were correct, its contention would be also; but it's not.

2

In order to properly raise an issue before the BIA, the petitioner must mention the issue and discuss its merits or his basis for contending that the IJ's decision of it is wrong. See Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006) (holding that where the petitioner failed to present the issue and discuss the merits of his claim or the basis for the IJ's decision during his appeal to the BIA, he had not exhausted his administrative remedies). Bertrand did state in his request for review to the BIA that he was seeking to challenge the IJ's adverse credibility finding, and he argued that the record did not support that credibility finding. Because that is enough to exhaust his administrative remedies for that issue, we do have jurisdiction to decide this appeal.

Bertrand contends that the BIA erred by finding that he did not satisfy his claim for political asylum, withholding of removal, and relief under the United Nations Convention Against Torture because his testimony established that he had suffered past persecution and had a well-founded fear of future persecution if he returned to Haiti. When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In the record before us, the BIA adopted and affirmed the IJ's decision with regard to Bertrand's credibility, and then went on to discuss Bertrand's claim that he had met his burden of proof to establish eligibility for asylum, withholding of removal, and relief under the

3

Convention Against Torture. Because the BIA provided additional analysis, we review its decision as well as the IJ's.

We review the factual determinations of the IJ and the BIA under the substantial evidence test, and we "affirm the [IJ's and] BIA's decision[s] if [they are] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks and citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of United States Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (citation omitted). "To reverse the IJ's [and BIA's] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We review the record evidence in the light most favorable to the IJ's and BIA's decisions and draw all reasonable inferences in favor of those decisions. Id.

"To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or

4

(2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005). "To establish asylum based on past persecution, the applicant must prove (1) that [he] was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Silva v. United States Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted).

A request for withholding of removal requires that an alien show that his life or freedom would more likely than not be threatened in his country of origin on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); Sepulveda, 401 F.3d at 1232. Where a petitioner fails to establish eligibility for asylum, which carries a lower burden of proof than for withholding of removal, he also fails to establish eligibility for this other form of relief. See Al Najjar, 257 F.3d at 1293. Furthermore, like the burden of proof for an applicant seeking withholding of removal, the burden of proof for an applicant seeking relief under the Convention Against Torture is higher than the burden imposed on an asylum applicant. Id. at 1303.

5

"[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no evidence of persecution other than the applicant's statements. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). However, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant. Id. "The weaker the applicant's testimony, . . . the greater the need for corroborative evidence." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Although minor inconsistencies that are immaterial will not support an adverse credibility finding, inconsistencies about material matters will. Nreka v. United States Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005).

The IJ's adverse credibility finding was supported by substantial evidence. Bertrand testified that he lived in the United States from 1996 through 1999 and then returned to Haiti. The crucial part of his testimony was that from July to September 2000 he was in Haiti where he was persecuted by supporters of the Lavalas political group because of his membership in a political organization. As a result of that persecution, Bertrand testified, he fled back to the United States in October 2000. However, the government presented evidence that Bertrand was issued a Florida drivers license in August 2000 and was listed at a Florida address in September 2000, strongly suggesting that Bertrand was not present in Haiti during the time he said he was persecuted. Bertrand failed to produce any

6

evidence that he was in Haiti in July through September 2000, and he failed to adequately explain the existence of the drivers license issued on August 23, 2000. These inconsistencies, which went to the very basis of Bertrand's asylum claim, gave the IJ sufficient reason to disbelieve Bertrand's testimony. See Nreka, 408 F.3d at 1369. Accordingly, the IJ's adverse credibility finding was supported by substantial evidence.

Because the IJ's adverse credibility finding was supported by substantial evidence, and Bertrand failed to provide any additional evidence to support his claim for asylum, the BIA's decision that Bertrand had failed to establish eligibility for asylum was also supported by substantial evidence. See Mendoza, 327 F.3d at 1287. Moreover, because Bertrand did not establish eligibility for asylum, which carries a lower burden of proof than the withholding of removal and relief under the Convention Against Torture, these claims fail as well. See Al Najjar, 257 F.3d at 1293, 1303.

**PETITION DENIED.**